DELBELLO DONNELLAN
WEINGARTEN WISE & WIEDERKEHR, LLP
*Proposed Attorneys for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Dawn Kirby, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

                                                         Chapter 11

LW RETAIL ASSOCIATES LLC,                 Case No. 17-45189 (ess)

                              Debtor.
----------------------------------------------------------------X

## AFFIRMATION PURSUANT TO LOCAL RULE 9077-1(a)

       DAWN KIRBY, ESQ., hereby affirms the following:

       1.       Deponent is an attorney duly admitted to practice before this Court and the Courts of the State of New York.

       2.       Deponent submits this Affirmation pursuant to ES.D.N.Y. LBR 9077-1(a) in further support of the Debtor's motion for an order scheduling a preliminary hearing on the Debtor's motion seeking an order (I) Authorizing Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. §363; (II) Providing Adequate Protection Therefor Pursuant to 11 U.S.C. §§361 and 362; and (III) Determining the Debtor is in Compliance with 11 U.S.C. §362(d)(3) (the "Motion").

       3.       It is necessary for the Debtor to proceed by Order to Show Cause rather than Notice of Motion because the Debtor needs the immediate relief sought in the Motion in order to avoid irreparable injury.

4. Unless the Debtor is authorized to use cash collateral pursuant to Bankruptcy Code section 363(c)(2) it will be unable to pay imminent and necessary operating expenses including payroll, insurance, materials and other expenses that need to be paid immediately. The expenses set forth in the Budget annexed to the Motion are the basic minimum critical expenses which the Debtor must fulfill in order to keep its doors open and to administer an orderly wind down of its business and sale of its assets. If the Debtor was required to comply with the fourteen (14) day notice requirement, it would be unable to operate, thereby greatly devaluing it assets.

5. It is in all parties' best interests for the Debtor to timely meet its obligations and preserve the value of the Debtor's estate for the benefit of creditors.

**WHEREFORE**, your Deponent respectfully requests the entry of the Scheduling Order together with such other and further relief as is proper.

Dated: White Plains, New York
October 6, 2017

*/s/ Dawn Kirby*
Dawn Kirby