UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                                              Chapter 11

LW RETAIL ASSOCIATES LLC,                          Case No. 17-45189-ess

                                               Debtor.
-------------------------------------------------------------x

## MEDIATION REFERRAL ORDER

WHEREAS, on October 5, 2017, LW Retail Associates LLC filed a petition for relief under Chapter 11 of the Bankruptcy Code; and

WHEREAS, on August 7, 2012, the Board of Managers of Loft Space Condominium (the "Board") commenced an action in New York State Supreme Court, County of New York alleging, among other things, construction defects with respect to properties located at 78-80 Leonard Street and 79-81 Worth Street, New York, New York 10013 against several defendants, including the Debtor and Galli Engineering P.C. ("Galli") (the "Construction Defect Action"); and

WHEREAS, on October 20, 2017, the Construction Defect Action was transferred to the United States Bankruptcy Court for the Southern District of New York; and

WHEREAS, on October 31, 2017, the Board moved to dismiss this case pursuant to Bankruptcy Code Section 1112, or, in the alternative, for the Court to abstain from this case pursuant to Bankruptcy Code Section 305, or, in the alternative, to remand certain proceedings to New York State Court, among other things (the "Motion to Dismiss"); and

WHEREAS, on November 14, 2017, the Debtor and National Bank of New York City each filed opposition to the Motion to Dismiss; and

WHEREAS, on December 21, 2017, the Construction Defect Action was transferred to this Court; and

WHEREAS, on February 6, 2018, counsel to the Debtor and the Board filed a letter with the Court, requesting that the Court refer all matters to mediation, including the Motion to Dismiss and the Construction Defect Action; and

WHEREAS, from time to time and on February 8, 2018, the Court held a hearing on the Motion to Dismiss and a pre-trial conference with respect to the Construction Defect Action, at which counsel to the Debtor, the Board, and Galli appeared and were heard.

NOW THEREFORE, it is hereby

ORDERED, that the Debtor, the Board, and Galli are referred to mediation pursuant to Rule 9019-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of New York; and it is further

ORDERED, that the Honorable Nancy Hershey Lord will serve as the mediator in this case; and it is further

ORDERED, that the parties are directed to contact the chambers of Judge Lord, United States Bankruptcy Court for the Eastern District of New York, Courtroom 3577, 271-C Cadman Plaza East, Brooklyn, New York 11201, by contacting Angela Howard, the Judge's Courtroom Deputy, at (347) 394-1854; and it is further

ORDERED, that on or before February 23, 2018, the parties shall submit a stipulation and mediation order (a proposed form of which is annexed hereto) to be so-ordered by this Court, which authorizes the appointment of Judge Lord and sets forth the terms of the mediation; and it is further

Case 1-17-45189-ess    Doc 54    Filed 02/15/18    Entered 02/15/18 11:45:34

ORDERED, that an individual with final authority to settle this controversy and to bind the parties shall attend the mediation on behalf of each party; and it is further

ORDERED, that the Court will hold a telephonic conference on all matters in this case on February 15, 2018, at 3:00 p.m. at the United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201, Courtroom 3585.



Dated: Brooklyn, New York  
February 15, 2018

Elizabeth S. Stong  
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                               Chapter 7

LW RETAIL ASSOCIATES LLC,                           Case No. 17-45189-ess

                              Debtor.
-------------------------------------------------------------x

## STIPULATION AND MEDIATION ORDER

      IT IS HEREBY STIPULATED AND AGREED by and between the undersigned parties:

1. The parties shall participate in mediation, whereby a neutral and impartial person will assist them in attempting to reach a mutually acceptable negotiated resolution of the dispute between them (the "Mediation").

2. The parties jointly accept the Honorable Nancy Hershey Lord to provide mediation services to them (the "Mediator").

3. The Mediation shall be non-binding.

4. The Mediator shall not have authority to render a decision that shall bind the parties.

5. The parties are not obligated to agree to any proposals which are made during the Mediation.

6. No party shall be bound by anything said or done during the Mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement.

7. The Mediator may meet in private conference with less than all of the parties.

8. Information obtained by the Mediator, either in written or oral form, shall be confidential and shall not be revealed by the Mediator unless and until the party who provided that information agrees to its disclosure.

9. The Mediator shall not, without the prior written consent of both parties, disclose to the Court any matters which are disclosed to him or her by either of the parties or any matters which otherwise relate to the Mediation.

10. The Mediation shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications and conduct, oral or written, during the Mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such conduct, statements, promises, offers, views and opinions shall not be subject to discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties; provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with this Mediation process.

11. The Mediator and his or her agents shall have the same immunity as judges and court employees have under Federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation.

12. The parties (i) shall not call or subpoena the Mediator as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation, or any thoughts or impressions which the Mediator may have about the parties in the Mediation; (ii) shall not subpoena any notes, documents or other material prepared by the Mediator in the course of or in connection with the Mediation; and (iii) shall not offer in evidence any statements, views, or opinions of the Mediator.

13. The Mediator shall serve without compensation.

14. An individual with final authority to settle the matter and to bind the party shall attend the Mediation on behalf of each party.

Dated: _____

_____          _____

_____          _____

_____          _____

Consented to: _____
                            Mediator

IT IS SO ORDERED.

_____
Elizabeth S. Stong
United States Bankruptcy Judge

Dated: Brooklyn, New York
           _____

TO:

LW Retail Associates LLC
132 Remsen Street
Brooklyn, NY 11201

Dawn Kirby
DelBello Donnellan Weingarten Wise et al
One North Lexington Avenue
11th Floor
White Plains, NY 10601

Jonathan L. Flaxer, Esq.
Michael S. Weinstein, Esq.
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
711 Third Avenue
New York, New York 10017

Berkman, Henoch, Peterson, Peddy & Fenchel, P.C.
Attorneys for National Bank of New York City
Attn: Ronald Howard, Esq.
100 Garden City Plaza
Garden City, New York 11530

ITKOWITZ PLLC
Attn: Jay B. Itkowitz, Esq.
26 Broadway, 21st Floor
New York, New York 10004

KOSSOFF, PLLC
*Attorneys for Millennium Sports Management Company LLC*
By: Joseph Goldsmith, Esq. (JG8586)
217 Broadway, Suite 401
New York, New York 10007